It does not follow because both sides to a trial are dissatisfied with the result of it the court will set aside the verdict and award them the trial. When the court feels substantial justice has been done, although both sides may be dissatisfied, the court will not for that reason alone set aside the verdict of the jury and award a new trial.
No argument was made to the court upon the submission of this motion as to the legal questions involved and as to the contention that the court was in error upon the rulings in the trial; and I may say that I entertain the same opinion that I did at that time with reference to those questions.
Now it simply leaves the question as to whether or not the plaintiff should have a new trial upon what is claimed to be manifestly an error upon the part of the jury in assessing the amount of recovery. The action was brought to recover against the express company as a common carrier for the loss of a horse which the witnesses all testify, who testified upon the subject, was worth from four thousand to five thousand dollars, *438 and the evidence did show without a dispute that this horse was probably one of the finest, if not the best bred horse that had ever been imported to this country of this kind, being a coach horse of the very best strain of blood in the world — in France— where these horses are bred.
J. J. Lentz, L. G. Addison and Clarence M. Addison, for plaintiff.
W. O. Henderson cmd Karl E. Burr, for defendant.
The jury awarded the verdict in favor of the plaintiff for $900. The action was brought in the state court for $2,000, I assume, for the purpose of retaining the jurisdiction in the state court, as all the evidence offered by the plaintiff was to the effect that the horse was worth from four thousand to five thousand dollars.
Now while technically, probably, if the defendant here was insisting that this verdict should stand the court would not feel like awarding a new trial upon that ground, although I do feel that manifestly the jury, if it allowed anything to the plaintiff, should have allowed the amount asked for here, as upon the proof of both the opinion evidence and the description of the horse and everything, I am well satisfied that he was worth that amount of money and that the verdict should have been for the amount asked, if the plaintiff is entitled to recover at all. Now as I say, while technically if the other side were insisting that this verdict should stand, I might not feel like granting a new trial, yet at the same time both sides seeking it and the court feeling that the jury here has manifestly assessed an amount less than half the value of the horse, I feel that the plaintiff is entitled to and ought to recover the amount asked for, which is only according to the eyidence about half the value of this horse. I feel under the circumstances that probably the court ought to award a new trial. As I say, although both sides are seeking a new trial, if the court felt that substantial justice had been done, the verdict would not be set aside. If the jury found here upon the facts that the plaintiff was entitled to recover, as I think they might find, it does seem to me that manifestly justice has not been done the plaintiff, and if he is entitled to recovery he ought to have at least what he asks here. So that a new trial will be awarded in this case.